IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-139-FDW-DCK

| | |
|---|---|
| VERA KNOWLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE AND ) <br> CASUALTY COMPANY, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion To Compel" (Document No. 14) and "Defendant's Motion To Extend Deadlines" (Document No. 16), filed November 7, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will deny the motions without prejudice.

As an initial matter, the undersigned respectfully reminds counsel and the parties of the following requirement of the Case Management Order:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this and **prior to filing a formal motion aimed at resolving a discovering dispute on the docket, the parties are required, within fourteen (14) calendar days after a discovery dispute arises, to schedule and submit to an informal telephonic conference before the referral magistrate judge** (or the presiding district judge if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii)

> require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) **award appropriate sanctions pursuant to Rule 37**.

(Document No. 11, pp. 4-5) (emphasis added).

Here, Defendant's counsel failed to request a telephone conference prior to filing the instant motion to compel. Based on the foregoing, the undersigned finds that the motion to compel should be denied without prejudice. Defendant's counsel is directed to confer in good faith with Plaintiff's counsel in a final attempt to resolve the pending discovery disputes. If that effort fails, counsel may submit a request for a telephone conference by email to: keesler_chamber@ncwd.uscourts.gov, copying opposing counsel. Defendant's counsel should not submit such a request without conferring with Plaintiff's counsel and allowing Plaintiff's counsel a reasonable opportunity to confer with his client.

The undersigned notes that Plaintiff's counsel filed a "Motion To Withdraw As Counsel Of Record…" (Document No. 12) on November 2, 2022. The "Motion To Withdraw…" indicates that Plaintiff has failed to communicate with her attorney about discovery obligations, deadlines, and other matters. (Document No. 12). The undersigned has taken Plaintiff's counsel's motion under advisement, but is unlikely to issue a decision until the pending discovery dispute is resolved.

Plaintiff's counsel is respectfully directed to promptly send Plaintiff a copy of this Order at her last known address and her email address(es). See (Document No. 12, p. 2). <u>Plaintiff should be advised that failure to participate fully in the discovery process for this case will likely lead to sanctions, which may include the dismissal of this action</u>. See Fed.R.Civ.P. 37(d).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Compel" (Document No. 14) is **DENIED WITHOUT PREJUDICE**.  If necessary, Defendant may submit a request for a telephone conference, as directed herein, on or before **November 18, 2022**.

**IT IS FURTHER ORDERED** that "Defendant's Motion To Extend Deadlines" (Document No. 16) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: November 8, 2022

David C. Keesler
United States Magistrate Judge